**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CHARLIE TATE JR.,**

           **Plaintiff,**

      v.                                              Case No. 08-C-1095

**MILWAUKEE COUNTY SHERIFF'S DEPARTMENT, DEPUTY JOHN DOE, DEPUTY JANE DOE, and MILWAUKEE COUNTRY OFFICE OF CORPORATION COUNSEL,**

           **Defendants.**

---

## DECISION AND ORDER

---

      Pro se Plaintiff Charlie Tate Jr. ("Tate") seeks leave to proceed *in forma pauperis* on a complaint against the Defendants, the Milwaukee County Sheriff's Department (the "Sheriff's Department"), Deputy John Doe ("John Doe"), Deputy Jane Doe ("John Doe"), and the Milwaukee Country Office of Corporation Counsel (the "Corporation Counsel Office") (collectively the "Defendants").

      In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obligated to give a plaintiff's pro se

allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Tate filed a "petition and affidavit to proceed without prepayment of fees and or costs." He states that he is employed and his total monthly income is $600. He is married but separated. He has three legal dependants. He does not own an automobile or a residence. He has $20 in a checking or saving account but owns no other valuable tangible or intangible property. His total monthly income is $600.00. His monthly expenses are $200 for rent and $450 in child support. Tate's monthly expenses exceed his monthly income. Based upon consideration of the information provided by Tate, this Court concludes that Tate is unable to pay the $350.00 fee for commencing this action. 28 U.S.C. § 1915(a)(1).

Tate's verified complaint states that the Sheriff's Department and the Corporation Counsel Office, for no valid reason, constantly appear in *Tate v. Milwaukee County Jail*, Case No. 06-C-0670 (E.D. Wis.) ("Case No. 06-C-670"),[1] although they were dismissed from the action on January 31, 2007. Liberally construed, Tate claims that the purpose of each of these multiple intrusions was to obstruct justice due to him in that case. Tate claims the Defendants' actions have caused him physical and mental harm. Tate seeks money damages and an order restraining the Sheriff's Department from appearing in Case No. 06-C-670.

The Court will consider whether Tate's action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

---

[1] Case No. 06-C-670 is pending before this Court.

is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts may screen complaints filed by all litigants. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A district court may screen the complaint prior to service on the defendants, and must dismiss a complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. *Id.*; 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __ , 127 S. Ct. 1955, 1965 (2007).

Tate's complaint may be construed as invoking a private cause of action under the federal criminal obstruction of justice statute, 18 U.S.C. § 1503. The court of appeals for this circuit has not addressed the issue of whether a private civil cause of action is afforded by the statute. However, the courts of appeal that have addressed the issue have held that the statute does not create such a cause of action. *See Forsyth v. Humana*, 114 F.3d 1467, 1482 (9th Cir. 1997); *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Odell v. Humble Oil & Refining Co.*, 201 F.2d 123, 127 (10th Cir. 1953). Therefore, this Court concludes that Tate's complaint fails to state an arguable civil private cause of action under 18 U.S.C. § 1503.

Tate's complaint may also be construed as arising under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The right of individuals to pursue legal redress for claims which have a reasonable basis in law and fact is protected by the First and Fourteenth Amendments. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir.1984)). A corollary of this right is that efforts by state actors to impede an individual's access to courts or administrative agencies may provide the basis for a constitutional claim

4

under 42 U.S.C. § 1983. *Vasquez*, 60 F.3d at 328. Judicial access must be "adequate, effective, and meaningful." *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)).

Tate's complaint lists John Doe and Jane Doe as Defendants but includes no allegations against them. Therefore, Tate's claims against them are dismissed. *See Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994) (upholding district court's dismissal of a complaint that alleged no specific act or conduct on the part of the defendant and was silent as to the defendant except for his name appearing in the caption).

Tate's complaint also names the Sheriff's Department and the Corporation Counsel's Office as Defendants. However, the Milwaukee County Sheriff's Department is not a legal entity separable from the county government which it serves and therefore, not subject to suit. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *see also Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (citing cases).

This district court has summarily held that the corporation counsel is not a suable entity distinct from the county which it serves. *See Tocholke v. Wagner*, No. 07-C-0831, 2008 WL 302369 *2 (E.D. Wis. Jan 31, 2008) (holding that the Kenosha County Corporation Counsel is not a suable entity). In analyzing the issue, the Court notes that the question of whether the Corporation Counsel's Office has the capacity to sue and be sued is governed by Wisconsin law. See Fed.R.Civ.P. 17(b). The Court's research has not located any decision of the Wisconsin courts addressing whether the corporation counsel's office may be sued separately from the governmental entity which it serves.

Section 59.42(2)(a) of the Wisconsin Statutes creates the office of corporation counsel in a county with a population of 500,000 or more.[2] The duties of the corporation counsel are set forth in Section 59.42(2)(b) of the Wisconsin Statutes.

The broad list of duties includes prosecuting and defending civil actions and proceedings, Wis. Stat. § 59.42(2)(b)(1); giving advice to the county board, and its commissions, committees, agencies and officers, and examining claims against the county, Wis. Stat. § 59.42(2)(b)(2); serving as legal advisor to the county highway commissioner and county highway committee, Wis. Stat. § 59.42(2)(b)(3); and, in counties with a population of 500,000 or more, performing all duties in connection with civil matters relating to the county or any agency, board, commission or officer thereto or to the state within the county that are imposed by statute upon the district attorney, Wis. Stat. § 59.42(2)(b)(4).

The cited statutory subsections authorize the corporation counsel to enforce civil laws on behalf of the county, county board, committees, commissions, and officers of the county, to defend civil actions and other proceedings against them, and to provide legal advice to them. However, no statute authorizes the office of corporation counsel or the corporation counsel as an entity to bring a lawsuit on its own behalf or to be sued as an entity separate from the governmental unit of which the corporation counsel is a part. Thus, this Court holds that the Corporation Counsel Office is not a suable entity distinct from Milwaukee County. Therefore, Tate's action against the Sheriff's Department and the Corporation Counsel's Office is dismissed because they are not suable entities.

---

[2] The most recent United States Census Bureau estimate of the Milwaukee County population is 915,097 as of July 1, 2006. http://quickfacts.census.gov/qfd/states/55/55079.html (last visited December 24, 2008).

Although not named as a defendant, Milwaukee County, would be a suable entity. In his complaint, however, Tate has not alleged that the obstruction of justice was pursuant to an official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Any amendment of the complaint to name a proper defendant in place of the Sheriff's Department and Corporation Counsel's Office would be futile. Thus, *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 551 (7th Cir. 1996), which establishes that district courts have a duty to assist pro se plaintiffs in identifying the proper parties, is not applicable.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tate's request to proceed *in forma pauperis* is **GRANTED**.

Tate's complaint and this action are **DISMISSED**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of December, 2008.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa
Chief Judge**